## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

_____

|  |  |  |
|---|---|---|
| FERNANDO RANGEL, ERIC DEAN GIBSON, and ESTHER ZAMORA, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 5:13-cv-00843-HLH |
| v. | ) ) | |
| CARDELL CABINETRY, LLC, H.I.G. CAPITAL, LLC, and CARDELL ACQUISITION, INC., f/k/a H.I.G. CARDELL ACQUISITION, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

_____

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement, dated as of September 8, 2014, is entered into, subject to approval by the Court, by and among H.I.G. Capital, LLC and Cardell Acquisition, Inc., f/k/a H.I.G. Cardell Acquisition, Inc., and their successors, predecessors and assigns (together, the "Settling Defendants"), on the one hand, and, Plaintiffs and the Class, as those terms are defined below, on the other hand, in the matter of *Rangel, et al. v. Cardell Cabinetry, LLC, et al.*, No. 5:13-cv-00843-HLH (the "Action"), presently pending before the Honorable Harry Lee Hudspeth in the United States District Court of the Western District of Texas (the "Court").

## RECITALS

**WHEREAS**, Plaintiffs and Class Members are former employees of Cardell Cabinetry (defined below), a cabinet maker with Facilities located exclusively in San Antonio, Texas;

**WHEREAS,** on or about November 4, 2010, Cardell Acquisition (defined below) became the 100% owner of Cardell Cabinetry.  H.I.G. Capital (defined below) thereafter provided investment management services to Cardell Cabinetry, but did not own, directly or indirectly, any portion of Cardell Cabinetry;

**WHEREAS**, according to the Settling Defendants, Plaintiffs and Class Members were never employees of Cardell Acquisition or H.I.G. Capital in any capacity, and specifically as that term is used in the WARN Act;

**WHEREAS,** Plaintiffs have alleged that the Settling Defendants are liable to Plaintiffs and Class Members for violations of the WARN Act pursuant to the "single employer" theory;

**WHEREAS**, on or about August 28, 2013, an Order was entered in the District Court of Dallas County, Texas, in the matter of *Wells Fargo, National Assoc. v. Cardell Cabinetry, LLC and H.I.G. Cardell Acquisition, Inc.*, No. DC13-09777, appointing the Receiver and thereby vesting the Receiver with absolute control over, *inter alia*, the right to hire and terminate the employment of employees of Cardell Cabinetry;

**WHEREAS**, following the institution of the Receivership, on or about September 9, 2013, the Receiver made the decision to terminate the employment of more than fifty (50) employees of Cardell Cabinetry, including the Class Members, all of whom worked at or reported to the Facilities;

**WHEREAS**, on or about September 16, 2013, Rangel filed this Action against Cardell Cabinetry, on behalf of himself and on behalf of the Class Members, alleging that Cardell Cabinetry violated the WARN Act by ordering a plant closing and/or mass layoffs at the Facilities on or about September 9, 2013 and thereafter, without providing sixty (60) days advance notice thereof, and further alleged that upon termination Cardell Cabinetry had failed to

compensate the Class Members for vacation days that were accrued but unused as of the time of termination;

**WHEREAS**, on or about October 28, 2013, the Complaint was amended to include claims alleged by Eric Dean Gibson and Esther Zamora, on behalf of themselves and on behalf of the Class Members, and was further amended to add H.I.G. Capital and Cardell Acquisition as defendants in the Action, claiming that the Settling Defendants were "single employers" with Cardell Cabinetry and therefore liable for purported WARN Act violations and the failure to pay for accrued but unused vacation days upon the termination of employment of the Class Members;

**WHEREAS**, on or about January 22, 2014, the following Class in this Action was certified – with respect to Plaintiffs' claims against the Settling Defendants – by order of the Honorable Harry Lee Hudspeth:

> (1) All persons who were employed at the Cardell Cabinetry Facilities in San Antonio, Texas;
>
> (2) who were involuntarily terminated as a result of the September 9, 2013 plant closure, and within 30 days of such date; and
>
> (3) who did not receive 60 days' advance notice of the mass layoff.

**WHEREAS**, the Settling Defendants contend that they were not a "single employer" with Cardell Cabinetry as, *inter alia*, they had separate operations, personnel policies, employees, directors, executives, and business, and did not exercise *de facto* control over the decision to terminate the employment of the Class Members;

**WHEREAS**, on June 25, 2014, the Parties entered into good faith, arm's-length negotiations, with the assistance of mediator David Geronemus, regarding a resolution of this

Action, and informally shared facts and circumstances underlying the claims and defenses in the

Action;

**WHEREAS**, there exist significant, complex legal and factual issues regarding the

application of the WARN Act to the facts and circumstances at issue and the viability of the

Action, including, without limitation:

- whether the Settling Defendants were covered employers under the WARN Act at the time of the alleged plant closings or mass layoffs pursuant to the "single employer" doctrine;

- whether liability against the Settling Defendants is precluded by the "liquidating fiduciary" doctrine, as the Receiver and not the Settling Defendants made the decision to terminate the employment of the Class Members;

- whether unforeseeable business circumstances existed such that less than sixty (60) days notice and/or no notice of termination was required under the WARN Act;

- whether facts supporting the faltering business defense existed such that less than sixty (60) days notice and/or no notice of termination was required under the WARN Act;

- whether the Settling Defendants gave "as much notice as is practicable";

- whether the Settling Defendants are entitled to a reduction or elimination of damages under the "good faith" exception to the WARN Act;

- whether the Settling Defendants have other defenses to the application of the WARN Act;

- the computation of the amount of damages, if any; and/or

- whether attorneys' fees are to be awarded to the Class Members if they prevail;

**WHEREAS**, the Class Members have the burden of proof on some of these issues, and

the Settling Defendants have the burden on others, and the trial of this matter likely would be

lengthy and complex, adding to cost and potential delay;

H0038922.                                                          4

**WHEREAS**, due to the complex nature of the issues involved, the Parties recognize that the outcome of this Action is uncertain;

**WHEREAS**, on or about November 14, 2013, involuntary bankruptcy proceedings were instituted against Cardell Cabinetry in the United States Bankruptcy Court for the Western District of Texas, Case No. 13-53117;

**WHEREAS**, the present Action has been stayed indefinitely against Cardell Cabinetry during the pendency of the involuntary bankruptcy proceedings instituted against Cardell Cabinetry, pursuant to an order entered by the Honorable Henry Lee Hudspeth on December 10, 2013 (ECF No. 28);

**WHEREAS**, submissions by the Receiver to the Bankruptcy Court reflect that Cardell Cabinetry's secured debts (approximately $36 million) are substantially greater than the total value of its assets (approximately $8.45 million);

**WHEREAS**, to avoid extensive, costly and uncertain litigation, the Parties desire to enter into a final settlement and release of all demands, claims, damages and causes of action, present and future, arising out of or relating in any way to the Action;

**WHEREAS**, the Parties have agreed to settle all claims relating to or arising out of the Action in accordance with the terms of this Settlement;

**NOW, THEREFORE**, as material consideration and inducements to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and intended to be binding, the Parties hereby agree as follows:

H0038922.

1.      __Definitions of Terms in the Settlement and Release Agreement.__

In addition to terms defined elsewhere in this Settlement and Release Agreement, and as used in this Settlement and Release Agreement, the terms below shall have the following meanings:

(a)      "Bankruptcy Court" means the United States Bankruptcy Court for the Western District of Texas.

(b)      "Bankruptcy Proceedings" means the bankruptcy proceedings regarding the estate of Cardell Cabinetry, presently pending in the United States Bankruptcy Court for the Western District of Texas, Case No. 13-53117.

(c)      "Cardell Acquisition" means Cardell Acquisition, Inc., f/k/a H.I.G. Cardell Acquisition, Inc., and all persons acting by, through, under or in concert with Cardell Acquisition, Inc.

(d)      "Cardell Cabinetry" means Cardell Cabinetry, LLC, its bankruptcy estate, and all persons acting by, through, under or in concert with it, including without limitation any bankruptcy trustee and the Receiver.

(e)      "Class Counsel" means Joseph G. Sauder, Matthew D. Schelkopf and Benjamin F. Johns of the law firm of Chimicles & Tikellis LLP, and Robert I. Harwood and Peter W. Overs, Jr. of the law firm Harwood Feffer LLP.

(f)      "Class Counsel's Fees" means the attorneys' fees payable to Class Counsel, subject to the approval of the Court.

(g)      "Class Members" or the "Class" or the "Settlement Class" means the following:

(1) All persons who were employed at the Cardell Cabinetry Facilities in San Antonio, Texas;

(2) who were involuntarily terminated as a result of the September 9, 2013 plant closure, whether on that date or thereafter; and

(3) who did not receive 60 days' advance notice of the mass layoff.

Included within this definition are individuals who were employed by Cardell Cabinetry as of September 9, 2013 but were not actively working as of that date, including without limitation individuals on disability or similar leave, who for the sole purpose of the distribution of the Settlement Fund described in Section 7, below, shall be referred to as

H0038922.                          6

"Leave Class Members."  Class Members are set forth in **Exhibit A**, attached hereto, with the Leave Class Members set forth under the heading "Leave Class Members."

(h)     "Class Representatives" or "Plaintiffs" means Fernando Rangel, Eric Dean Gibson, and Esther Zamora, collectively.

(i)     "Defense Counsel" means Mark W. Lerner of the law firm of Kasowitz, Benson, Torres & Friedman LLP.

(j)     "Effective Date" means the date the order granting final approval to the Settlement becomes final and non-appealable.

(k)     "Facilities" means collectively all facilities that were owned, operated, leased, rented, or otherwise utilized as a place of business or for any other purpose by Cardell Cabinetry, including without limitation the facilities located at 3167, 3215, 3241, 3251, 3319 and 3345-49 N. Pan Am Expressway, 4600 Timco East, and 1400 Currency Street, each located in San Antonio, Texas.

(l)     "Fairness Hearing" means the hearing at which the Court shall consider final approval of the Settlement and Class Counsel's request for attorneys' fees, expenses and Service Payments.

(m)     "H.I.G. Capital" means H.I.G. Capital LLC and all persons acting by, through, under or in concert with any of H.I.G. Capital LLC.

(n)     "Net Settlement Fund" means the amount remaining in the Settlement Fund after the deduction of Court-approved attorneys' fees, expenses and Service Payments.  The proceeds remaining in the Net Settlement Fund will be distributed to Settlement Class Members by the Settlement Administrator as set forth herein.

(o)     "Notice of Objection" means an objection made by a Class Member to this Settlement by sending written notice of such objection within forty-five (45) days after the Settlement Notice (the "Objection Date") is mailed to Class Members.

(p)     "Opt-Out Deadline" means forty-five (45) days from the date on which the Settlement Administrator mails the Settlement Notice to Class Members.

(q)     "Parties" means collectively H.I.G. Capital, Cardell Acquisition, Plaintiffs and the Class Members, and "Party" refers to, individually, each of H.I.G. Capital, Cardell Acquisition, Plaintiffs or the Class Members.

(r)     "Plan of Allocation" refers to the methodology by which the Net Settlement Fund will be distributed to Settlement Class Members.

(s)     "Preliminary Approval Hearing" means the initial hearing that shall be requested by the Parties in order for the Court to consider the Parties' proposed Settlement.

(t)      "Preliminary Approval Motion" means the motion that Plaintiffs shall file seeking the Court's preliminary approval of the Settlement.

(u)      "Released Claims" means those claims released as set forth in Section 8 of this Settlement.

(v)      "Releasing Parties" means all Class Members and their respective predecessors, successors and assigns.

(w)      "Residual Funds" means any Settlement Funds remaining for any reason, including Settlement checks which are not deposited, endorsed or negotiated within six (6) months of their dates of issuance.

(x)      "Settlement Administrator" means Heffler Claims Group ("Heffler"). Heffler will have responsibility for administering the Settlement, including paying Class Counsels' fees and expenses from the Settlement Fund, remitting the Service Awards to Class Counsel for payment to Plaintiffs, mailing the Class Notice to Class Members, tracing undeliverable mailings, generating and mailing checks to Class Members, establishing a Qualified Settlement Fund pursuant to Section 468B(g) of the Internal Revenue Code, ensuring that all applicable taxes obligations are satisfied and deducted before any portion of the Settlement Fund is distributed to Plaintiffs and Class Members, filing appropriate reports with the taxing authorities, remitting the funds from uncashed settlement checks to the State, and performing other related tasks as may be agreed upon by the Parties.

(y)      "Settlement Agreement" or "Settlement" means this Settlement and Release Agreement.

(z)      "Settlement Fund" means the settlement amount ($800,000) to be paid by the Settling Defendants to the Settlement Administrator and distributed to Class Members and Class Counsel in accordance with the terms of this Settlement Agreement.

(aa)      "Settlement Notices" are the notices which are to be sent to the Class Members by the Settlement Administrator, pursuant to the terms of this Agreement and subject to the Court's approval thereof, which shall contain the information set forth in Section 10 of this Agreement, and shall be provided in both English and Spanish.

(bb)      "Service Payment" means the payments made out of the Settlement Fund to each of the Class Representatives for his or her service in the matter.  Subject to Court approval, these amounts will be $2,000 to each of the three Class Representatives, for a total of $6,000.

(cc)      "WARN Act" means, collectively, the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109, and any corresponding state law(s), to the extent applicable, which govern layoffs or plant closings.

H0038922.                                          8

2.      **Best Efforts.**

Class Counsel and the Settling Defendants agree that they will: (i) recommend approval

of this Settlement Agreement to the Court; (ii) use their best efforts to obtain approval of this

Settlement Agreement and to carry out its terms; and (iii) support the Settlement contemplated in

this Settlement Agreement in public statements, including all statements in court and all

statements to the news media.

3.      **Hearings.**

Plaintiffs shall file, subject to prior approval by counsel for the Settling Defendants, an

unopposed motion for preliminary approval of this Settlement with the Court, with proposed

preliminary and final approval orders substantially in the form attached hereto as **Exhibits B and**

**C,** respectively.  The motion for preliminary approval shall seek approval of the manner of

notice, objection procedures, and opt-out procedures, among other things.  The motion for

preliminary approval shall also ask the Court to schedule a hearing date for a Fairness Hearing

seeking final approval of this Settlement Agreement.  The date of any Fairness Hearing shall be

no earlier than the earliest date for entry of a binding order under 28 U.S.C. §§ 1715(a)-(d).  The

Settling Defendants agree to provide notice consistent with 28 U.S.C. §§ 1715(a)-(d) within ten

(10) days of a proposed settlement of this class action being filed with the Court.  Class Counsel

shall file a petition for fees (the "Fee Petition") no later than five (5) days before the Objection

Date, and shall further shall file, no later than five (5) days after the Objection Date, a

memorandum of law seeking the Court's final approval of the Settlement, which application

shall be unopposed by, subject to the prior approval of, counsel for the Settling Defendants.

4.     **The Settlement Fund.**

The Settlement Fund shall consist of eight hundred thousand dollars ($800,000), to be paid to the Settlement Administrator by the Settling Defendants within five (5) business days after the Effective Date.  The Settlement Administrator will distribute the proceeds from the Settlement Fund to Class Counsel for attorneys' fees, expenses and Service Payments – as set forth herein, and subject to Court approval – within five (5) business days after the Settlement Administrator receives the Settlement Fund from the Settling Defendants.  The Settlement Administrator shall also distribute the Net Settlement Fund to the Settlement Class pursuant to the Plan of Allocation within thirty (30) days from receiving it from the Settling Defendants. This payment shall be made in consideration for the Release in § 8, *infra*, and such other promises and obligations as are set forth herein.

5.     **Responsibilities of the Settlement Administrator.**

The Settlement Administrator shall bear all responsibilities for the preparation and distribution of checks, 1099 and/or W-9 Forms, and the Settlement Notices.  In addition, the Settlement Administrator shall certify to counsel for the Parties that the necessary tax forms have been properly mailed to all Class Members.  The address of the Settlement Administrator will be used as the return address for the Settlement Notices.  The Settlement Administrator and Class Counsel will respond to any inquiries from Class Members arising from or relating to this Settlement.  The Settlement Administrator will also endeavor to obtain the Social Security numbers of Settlement Class Members.

6.     **Class Counsel's Fees and Expenses.**

Subject to the approval of the Court, Class Counsel shall receive attorneys' fees in the amount of one-third of the Settlement Fund as payment in full for their work in connection with

this matter.  Subject to Court approval, Class Counsel may seek the reimbursement of up to $40,000 in litigation expenses they incurred over the course of this case from out of the Settlement Fund, and may further seek payment of the Service Payments from the Settlement Fund, provided that in no instance shall Class Counsel, Plaintiffs and/or the Class be entitled to seek from the Settling Defendants, and the Settling Defendants shall not be liable for, any such expenses and/or Service Payments in addition to the Settlement Fund amount agreed to under this Settlement.  Once approved by a final and non-appealable order of the Court, the Settlement Administrator shall deduct Class Counsel's Fees and expenses and Plaintiff Service Awards pursuant to this Settlement from the Settlement Fund prior to making disbursements to Class Members out of the remaining Net Settlement Fund.

7. **The Allocation of the Settlement Fund and Disbursement of the Settlement Fund Payments to Class Members.**

    (a)   **Plan of Allocation of the Settlement Fund.**  The Net Settlement Fund shall be allocated to each Class Member as follows:

        1.    The payroll records of Cardell Cabinetry for the 60 days leading up to its closure on September 9, 2013 will be cross-checked against filings in Cardell Cabinetry's bankruptcy to generate a list of the names and addresses (and wages for the 60 day period) for the Class Members.[1]

---

[1] The Settlement Administrator has identified approximately 65 individuals for whom multiple addresses are listed.  As it cannot be determined which is the appropriate address, the Settlement Administrator will mail a settlement notice to all addresses for these individuals, which shall additionally include a Verification Form (**Exhibit F** hereto) which shall describe steps pursuant to which the Class Member may verify their status as a Class Member and the appropriate address for payments under the Settlement to be sent.  For any such individual who does not verify their address on or prior to the Objection Date (an "Unverified Class Member"), following Final Approval of the Settlement, the Settlement Administrator shall hold any payment owing to such Unverified Class Member under the Settlement for six (6) months, to be released only upon the Settlement Administrator's receipt of information sufficient to identify the Unverified Class Member's status as a Class Member.  Within five (5) business days of the Final Approval of the Settlement, the Settlement Administrator shall send notice to all addresses for each Unverified Class Member, notifying them that it is holding payments owing to them under the Settlement, setting forth the steps for the

2.      Class Members will be mailed a Settlement Notice within 14 days of the Settlement being preliminary approved by the Court, to their addresses available from Cardell Cabinetry's bankruptcy proceedings. They will also be asked to provide the Settlement Administrator with their Social Security number.

3.      Within 30 days of the Effective Date, Class Members who did not timely exclude themselves from the Settlement (as set forth herein) will automatically be mailed a Settlement Check from the Settlement Administrator.  Class Members will also be sent an I.R.S. Form 1099 with these payments.  The Settlement Administrator will withhold (and will pay) applicable taxes before distributing these funds to Settlement Class Members.

4.      The amount of each Class Members' Settlement Check will be the proportional to the earning of each Settlement Class member (who does not opt-out) for the 60 days prior to Cardell Cabinetry's closure. Specifically, each individual Class Members' wages earned during that 60-day period shall be divided by the aggregate wages of the entire Settlement Class earned during the same period.  The resulting quotients shall then be multiplied by the Net Settlement Fund, the products thereof

---

Unverified Class Member to verify his status as a Class Member, and providing appropriate contact information for the Settlement Administrator.  The foregoing notwithstanding, if a Settlement amount is not claimed by an Unverified Class Member within six (6) months, such amounts shall escheat to the State of Texas.  Any dispute regarding any Unverified Class Member's status as a Class Member will be resolved by Settlement Administrator, in consultation with Class Counsel and Counsel for the Settling Defendants.

being the amount to be paid to each Class Member.  The parties have

agreed upon a Plan of Allocation for these amounts.  To the extent

Settlement Class members opt out of the settlement, the Settlement Check

of each remaining Settlement Class Member will be increased

proportionately.  The foregoing notwithstanding, Leave Class Members

who do not timely exclude themselves from the Class shall be entitled to a

one-time payment in the amount of $100 per Leave Class Member, which

shall be the only payment to which the Leave Class Member shall be

entitled under this Settlement.

(b)      **Treatment of Uncashed Settlement Checks.**  Class Members will have

six (6) months from the date on which the Settlement Checks are issued to cash or

endorse them.  Any remaining checks uncashed on that date shall become null and void,

and any such Class Member will have no further recourse pursuant to this settlement.

The amount of the uncashed settlement check funds will be remitted to the State of

Texas.

(c)      **Undeliverable Notice.**  In the event that a Settlement Fund disbursement

is returned as undeliverable, the Settlement Administrator shall promptly re-mail the

returned Settlement check to a corrected address of the intended Class Member recipient

as may be determined by the Settlement Administrator through reasonable efforts of the

Settlement Administrator, including a search of a national database.  If a corrected

address cannot be obtained for the intended Class Member recipient, such returned

distribution will escheat to the State of Texas.

(d)     **Tax Consequences to Class Members.**  The Settlement Administrator shall provide each Class Member with a notice advising him or her to seek personal tax advice regarding any tax consequences of the Settlement Fund disbursement and shall endeavor to deduct the applicable state and federal taxes from the Qualified Settlement Fund before distributing checks to Settlement Class Members.  The Settlement Administrator shall then be responsible for paying said taxes.  The notice regarding the potential tax treatment to Class Members shall be included with each disbursement to the Class Members.  For the avoidance of doubt, neither the Settling Defendants, nor any of their counsel, or Class Counsel, have made, or are making in connection with the Settlement, any representations regarding possible tax consequences relating to the Settlement Fund disbursements to Class Members, and neither the Settling Defendants nor Class Counsel shall be held responsible for any such tax consequences. Finally, the Settlement Administrator shall be responsible for ensuring that the remaining proceeds of the Net Settlement Fund are escheated to the state, as set forth herein.

(e)     **Service Payments to the Class Representative.**  The Class Representatives shall, subject to Court approval, each receive from the Settlement Fund a one-time Service Payment of two thousand dollars ($2,000) for their services in this matter.  Within five (5) business days of the Effective Date, the Settlement Administrator shall remit these funds to Class Counsel, who shall then distribute the Service Payments to the Class Representatives.  Each of the Class Representatives will still be entitled to their respective portions of the Settlement Fund as members of the Settlement Class.

8.      **Release By Settlement Class.**

**Release.**  Upon the Effective Date of the Settlement Agreement, all members of the Settlement Class who do not timely exclude themselves pursuant to Fed. R. Civ. P. 23 and as provided for herein do fully release and discharge the Settling Defendants, H.I.G. Cardell Holdings, LLC, H.I.G. Cardell Lenders, LLC, H.I.G. Capital Management, H.I.G. Capital Partners IV, L.P., and H.I.G. Advisors IV, LLC, and each of their respective subsidiaries, divisions and/or affiliates, from any and all claims, debts, liabilities, demands, obligations, back pay, front pay, vacation pay, penalties, interest, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged, relate to. or that arise or reasonably could have arisen out of the same facts alleged or involved in the Action, including but not limited to any claims relating to the termination of the employment of Plaintiffs and the Class for violations of the Worker Adjustment and Retraining Notification Act (29 U.S.C. § 2102, *et seq.*), all claims for vacation pay, and any other claims related thereto and/or arising therefrom.  This Release applies to, without limitation, any claims for unpaid, miscalculated or untimely payment of wages and/or vacation pay, including without limitation any claims arising under the WARN Act, inaccurate or untimely wage statements, pre- and post-judgment interest, compensatory and statutory compensation, general damages, disgorgement, declaratory relief, statutory damages, accounting of all minimum wages and sums allegedly unlawfully withheld as a result thereof, injunctive relief, restitution, penalties and interest as a result thereof that involve the same or similar facts alleged or that arise or have arisen in connection with, or otherwise relating to, the Action, against the Settling Defendants as a result of the September 9, 2013 termination of the Settlement Class Members' employment with Cardell Cabinetry.

In order to achieve a full and complete release of the Settling Defendants of all claims arising from or related to the Action, Plaintiffs acknowledge that this Settlement Agreement is intended to include in its effect all claims that were or could have been asserted in this action, including any claims that each Settlement Class Member does not know or suspect to exist in his or her favor against the Settling Defendants that arise or have arisen in connection with the Action, against the Settling Defendants as a result of the September 9, 2013 termination of the Settlement Class Members' employment with Cardell Cabinetry.

Both Parties acknowledge that they may later discover facts different from or in addition to those they now know or believe to be true regarding the matters release or described in this Agreement, and in that event, they agree that the Agreement, including the releases and waivers contained in the Agreement, shall remain effective in all respects notwithstanding any later discovery of any different or additional facts.  The Parties assume any and all risk of any mistake in connection with the true facts involved in the matters, disputes or controversies released or described in this Agreement or with regard to any facts now unknown to the Parties relating thereto.

**9.** **Reservation of Rights.**

The Settling Defendants, their successors and/or assigns, each of their respective subsidiaries, divisions and/or affiliates, and any of the present or former officers, directors, employees, agents, attorneys, consultants, stockholders or members thereof, expressly reserve the right to object to, offset or oppose any and all claims, obligations, or causes of action of any type not released pursuant to this Settlement Agreement.

10.    <u>The Settlement Notice.</u>

       (a)    Class Counsel shall bear the cost and responsibility of the preparation of the Settlement Notices.  The Settlement Administrator will be responsible for actually mailing the Settlement Notices, and its address will be used as the return address for the Settlement Notices.  The Settlement Administrator shall mail the Settlement Notices by first-class mail to the Class Members at their mailing addresses no later than 14 days after preliminary approval of this Settlement is granted by the Court.  The Settlement Notice shall be substantially in the form annexed hereto as **Exhibit E**, or such form as may be approved by the Court.  In the event that a Settlement Notice is returned as undeliverable, the Settlement Administrator shall re-mail the Settlement Notice to the corrected address, if any, of the intended Class Member recipient as may be determined by the Settlement Administrator through reasonable efforts of the Settlement Administrator, including a search of a national database. The Settlement Administrator shall be permitted to publish a press release in the exact form of **Exhibit D** (which shall be in both Spanish and English).

       (b)    <u>Contents of the Settlement Notice.</u>  The Settlement Notice shall be provided to Class Members in both English and Spanish, and shall contain the following information:

       1.    that the Settlement shall become effective only if it is finally approved by the Court;

       2.    that, if approved, the Settlement shall be effective as to all Class Members that do not timely exclude themselves;

       3.    that such Class Member has the right to object to this Settlement, either in person or through counsel, and be heard at the Fairness Hearing;

4.      an estimate of the projected dollar amount such Class Member may receive as a net payment under this Settlement, if this Settlement becomes effective, which amount shall be calculated by Class Counsel;

5.      that the Settling Defendants, in their sole and exclusive discretion, have the right to declare the Settlement Agreement null and void, and of no future effect, if 35 or more members of the Class decide to opt-out of the Settlement;

6.      that upon the Effective Date, those class members who have not timely opted out shall be bound by the Release as set forth herein;

7.      that any and all claims released under the Settlement Agreement shall be waived, and that no person, including the Class Member, shall be entitled to any further distribution thereon; and

8.      that each class member has a right to exclude himself or herself from the Settlement as set forth herein.

**11.    Requests for Exclusion by Class Members.**

Any Class Member may make a Request for Exclusion by mailing or delivering the Request for Exclusion in writing to both (a) Class Counsel and (b) Counsel for the Settling Defendants.  To be effective, a Request for Exclusion must be postmarked by not later than the Opt-Out Deadline, and further must be signed by the individual seeking exclusion, and shall further include the name, address and telephone number of the person requesting exclusion, the dates at which they were employed at Cardell (including a clear statement that they were employed at Cardell during the 60 days prior to its closure), and indicate that such person elects to be excluded from the Settlement, does not wish to be a Settlement Class Member and elects to be excluded from the Release and from any judgment entered by the Court pursuant to the Settlement.  Any Request for Exclusion which fails to precisely comply with each of the express opt-out procedures set forth in this Section 11 shall be deemed deficient and of no force or effect.

H0038922.                              18

Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement, and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

After the deadline for submission of Requests for Exclusion, Class Counsel and Defendant's Counsel shall jointly prepare a list of all people who have timely excluded themselves from the settlement, and report the names appearing on this Opt-Out List to the Court at or before the time of the Final Approval Hearing, subject to the Settling Defendants' exercise of their right to earlier void the Settlement prior thereto, as set forth in Section 12, below.

12.   **Right of the Settling Defendants to Void Settlement Agreement Based on the Number of Class Members Opting Out.**

Notwithstanding any of the foregoing terms, or any other term or condition set forth in this Settlement, the Parties agree that, in the event that 35 or more members of the Class opt-out of the Settlement, then the Settlement Agreement may be declared null and void, and of no future effect, for all purposes in the sole and exclusive discretion of the Settling Defendants.  The Parties agree that the Settling Defendants may elect to terminate the Settlement Agreement by providing written notice to Class Counsel within ten (10) days after the Parties have finalized the Opt-Out List, as discussed in Section 11, *supra*.

13.   **Objections and Requests to Appear at the Final Approval Hearing.**

(a)   Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a written notice of objection by the Objection Date.  The notice of objection shall be sent by certified mail, return receipt requested, to (a) Class Counsel, (b) Defense Counsel, and (c) the Court.  Such objection shall be personally signed and state the caption of the Action and the name, address and telephone number of the person objecting to the

Settlement, the dates at which they were employed at Cardell (including a clear statement that they were employed at Cardell during the 60 days prior to its closure), as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered in support of the objection, and all relief sought.  Any objector wishing to be heard at the Final Approval Hearing must also file a notice of intent to appear with the Court's Clerk's office, and must provide both of Class Counsel and Defense Counsel with copies of the notice of intent to appear.

(b)     The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objections to the Settlement Agreement, in accordance with such Settlement Class Members' due process rights.  The Preliminary Approval Order will further provide that objectors who fail to properly or timely file their objections, along with the required information and documentation set forth above, or to serve them as provided above shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

(c)     In accordance with law, only Class Members who timely object to the Settlement pursuant to the terms immediately above may appeal any Final Judgment.

14.     **Acceptance and Effectiveness of the Settlement.**

(a)     **Approval.**  The effectiveness of this Settlement shall be subject to and contingent upon the entry of an order, reasonably satisfactory to each of the Parties

hereto, of the Court at a Fairness Hearing approving this Settlement and upon such order

having become final and non-appealable.

   (b)  **The Waiver and Release by All Class Members if the Settlement**

**Becomes Effective.** Upon the Effective Date, the Releasing Parties shall be forever

bound by the release set forth in Section 8 of this Settlement.  Such Released Claims shall

be deemed waived by such Releasing Party and expunged in their entirety, and such

Releasing Party shall not be entitled to any further distribution in respect of such

Released Claims.

   Each Releasing Party shall be deemed as of the Effective Date to have settled,

released, and extinguished completely any and all Released Claims, liquidated or

unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured

or unmatured, disputed or undisputed, legal or equitable, known or unknown that such

Releasing Party may have against the Settling Defendants, their estates, their respective

subsidiaries, their respective affiliates, any successors or assigns thereto, or any of the

present or former officers, directors, employees, agents, attorneys, consultants,

stockholders or members of any thereof.

## 15. No Litigation.

Except as may be necessary to enforce the terms of this Settlement, the Class

Representative, the Releasing Parties, and any other person who accepts payment hereunder,

agree that she or he shall not commence or proceed with any action, claim, suit, proceeding or

litigation against any other Party or, with respect to the Class directly or indirectly, regarding or

relating to the matters described herein, or take any action inconsistent with the terms of the

Settlement.  In addition, the Class Representative and any representative thereof, including, but

not limited to, Class Counsel, agree to refrain from seeking or soliciting any additional claims against the Settling Defendants relating to any WARN Act claims related to Cardell Cabinetry's closure, and/or claims for unused but accrued vacation days that concern or are related to Cardell Cabinetry's closure.

16.     **No Admission of Liability.**

Nothing herein shall be construed as an admission by the Settling Defendants of any facts or liability of any kind, or that either of the Settling Defendants constituted a "single" or "joint" employer with Cardell Cabinetry, all of which is expressly denied by the Settling Defendants.

17.     **Representations and Warranties.**

Each Party represents and warrants that upon Court approval of this Settlement, it will have the legal right and authority to enter into this Settlement and the transactions and releases contemplated hereby.

18.     **Further Assurances.**

The Parties shall cooperate fully and shall execute and deliver any and all supplemental papers, documents, instruments, and other assurances and shall do any and all acts that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement, including without limitation the making of any additional applications necessary to effectuate the terms and conditions of this Settlement Agreement.

19.     **Miscellaneous.**

    (a)     **Continuing Jurisdiction of Court.**  Following final approval of the Settlement, the Court shall have full jurisdiction over this Settlement and any dispute or controversy arising from or related to the interpretation or enforcement of this Settlement.

H0038922.                              22

(b)    **Governing Law/Jurisdiction.**  Except where superseded by applicable federal law, this Settlement shall be governed by the laws of the State of Texas.

(c)    **Notices.**  Any notice or other communication required or permitted to be delivered under this Settlement from any Class Member to Class Counsel and/or the Settling Defendants, as applicable, and/or the Court, shall be (i) in writing, (ii) delivered personally, by courier service or by certified or registered mail, first-class postage prepaid and return receipt requested, (iii) deemed to have been received on the date of delivery, and (iv) addressed as follows (or to such other address as the Party entitled to notice shall hereafter designate by a written notice filed with the Court):

**If to the Settling Defendants, to:**

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Attention:  Mark W. Lerner, Esq.

**If to Class Members or Class Counsel, to:**

CHIMICLES & TIKELLIS LLP
Joseph G. Sauder
Benjamin F. Johns
One Haverford Centre
361 Lancaster Avenue
Haverford, Pennsylvania 19041

(d)    **Non-Severability.**  Each of the provisions of this Settlement is a material and integral part hereof.  In the event that one or more of the provisions of this Settlement shall become invalid, illegal or unenforceable in any respect, the entire Settlement shall be deemed null and void unless otherwise agreed by the Parties.

(e)      **Amendments.**  This Settlement may not be modified, amended or supplemented by the Parties except by a written agreement of the Parties that has been duly approved by the Court.

(f)      **Integration.**  This Settlement contains the entire agreement among the Parties with respect to the matters covered by this Settlement, and no promise or understanding or representation made by any Party or agent, director, officer, employee or attorney of any Party that is not expressly contained in this Settlement shall be binding or valid.

(g)      **Interpretation.**  This Settlement was the product of negotiations between the Parties and any rule of construction requiring that ambiguities be resolved against the drafting Party shall not apply in the interpretation of this Settlement.  Where appropriate, the use of the singular shall include the plural and the use of the masculine gender shall include the feminine gender as well.

(h)      **Headings.**  The headings clauses and "WHEREAS" clauses set forth in this Settlement are for convenience only, are not part of the Settlement, and do not define, limit, extend, describe, or amplify the terms, provisions or scope of this Settlement and shall have no effect or bearing on any interpretation of this Settlement Agreement.

(i)      **Signatures.**  Facsimile or other electronic copies of signatures on this Settlement are acceptable, and a facsimile or other electronic copy of a signature on this Settlement shall be deemed to be an original.

(j)      **Counterparts.**  This Settlement may be executed in one or more counterparts, each of which together or separately shall constitute an original and which, when taken together, shall be considered one and the same binding agreement.

H0038922.                                24

(k)     **Cooperation.**  The Parties agree to cooperate with one another to effectuate an efficient and equitable implementation of this Settlement.

(l)     **Binding Nature of Settlement.**  This Settlement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors, transferees, assigns, heirs and estates.


**[Signature pages follow]**

**IN WITNESS WHEREOF,** the Parties have executed and delivered this Settlement as of the date first written above.

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP

on behalf of the Settling Defendants

By: _____
Mark W. Lerner, Esq.
Counsel for the Settling Defendants


CHIMICLES & TIKELLIS LLP

on behalf of the Class Representatives and
Class Members

By: _____
Joseph G. Sauder, Esq.
Class Counsel


HARWOOD FEFFER LLP

on behalf of the Class Representatives and
Class Members

By: _____
Robert I. Harwood, Esq.
Class Counsel


By: _____
Fernando Rangel


By: _____
Eric Dean Gibson


By: _____
Esther Zamora

26

**IN WITNESS WHEREOF,** the Parties have executed and delivered this Settlement as of the date first written above.

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP

on behalf of the Settling Defendants

By: _____
Mark W. Lerner, Esq.
Counsel for the Settling Defendants


CHIMICLES & TIKELLIS LLP

on behalf of the Class Representatives and
Class Members

By: _____
Joseph G. Sauder, Esq.
Class Counsel


HARWOOD FEFFER LLP

on behalf of the Class Representatives and
Class Members

By: _____
Robert I. Harwood, Esq.
Class Counsel


By: _____
Fernando Rangel


By: _____
Eric Dean Gibson


By: _____
Esther Zambra

25

**IN WITNESS WHEREOF,** the Parties have executed and delivered this Settlement as

of the date first written above.

> KASOWITZ, BENSON, TORRES &
> FRIEDMAN LLP
>
> on behalf of the Settling Defendants
>
> By: _____
>
> Mark W. Lerner, Esq.
> Counsel for the Settling Defendants
>
>
> CHIMICLES & TIKELLIS LLP
>
> on behalf of the Class Representatives and
> Class Members
>
> By: _____
>
> Joseph G. Sauder, Esq.
> Class Counsel
>
>
> HARWOOD FEFFER LLP
>
> on behalf of the Class Representatives and
> Class Members
>
> By: _____
>
> Robert I. Harwood, Esq.
> Class Counsel
>
>
> By: _____
>
> Fernando Rangel
>
>
> By: _____
>
> Eric Dean Gibson
>
>
> By: _____
>
> Esther Zamora

25

**IN WITNESS WHEREOF,** the Parties have executed and delivered this Settlement as
of the date first written above.

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP

on behalf of the Settling Defendants

By: _____
Mark W. Lerner, Esq.
Counsel for the Settling Defendants


CHIMICLES & TIKELLIS LLP

on behalf of the Class Representatives and
Class Members

By: _____
Joseph G. Sauder, Esq.
Class Counsel


HARWOOD FEFFER LLP

on behalf of the Class Representatives and
Class Members

By: _____
Robert I. Harwood, Esq.
Class Counsel


By: _____
Fernando Rangel


By: _____
Eric Dean Gibson


By: _____
Esther Zamora

25

**IN WITNESS WHEREOF,** the Parties have executed and delivered this Settlement as of the date first written above.

<div style="margin-left:40%">

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP

on behalf of the Settling Defendants

By: _____
    Mark W. Lerner, Esq.
    Counsel for the Settling Defendants


CHIMICLES & TIKELLIS LLP

on behalf of the Class Representatives and
Class Members

By: _____
    Joseph G. Sauder, Esq.
    Class Counsel


HARWOOD FEFFER LLP

on behalf of the Class Representatives and
Class Members

By: _____
    Robert I. Harwood, Esq.
    Class Counsel


By: _____
    Fernando Rangel


By: _Eric D Gibson_____
    Eric Dean Gibson


By: _____
    Esther Zamora

</div>

25