# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

_____
                                            )
FERNANDO RANGEL, ERIC DEAN                  )
GIBSON, and ESTHER ZAMORA, on               )
behalf of themselves and all others similarly )
situated,                                   )
                                            )
      Plaintiffs,                          )   No. 5:13-cv-00843-HLH
                                            )
v.                                          )   **Hearing Date: _____ at ____ a.m./p.m.**
                                            )
CARDELL CABINETRY, LLC,                     )   **Objection deadline:_____, 2014 (postmarked)**
H.I.G. CAPITAL, LLC, and CARDELL            )   **Opt-out deadline:_____,2014 (postmarked)**
ACQUISITION, INC., f/k/a H.I.G. CARDELL     )
ACQUISITION, INC.                           )
                                            )
      Defendants.                          )
_____ )

### [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Court has considered the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion").

The Court finds that a preliminary showing has been made as follows:

A.   Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement is fair, reasonable, and adequate, and preliminary approval of the Settlement Agreement is warranted.  The Settlement Agreement is also the product of earnest, informed, arm's length, and non-collusive negotiations; it has no obvious deficiencies; it does not improperly grant preferential treatment to any individual or group of individuals within the Settlement Class; and it warrants notice to Class Members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

B. The Settlement Class consists of all persons who were (1) employed at the Cardell Cabinetry Facilities in San Antonio, Texas; (2) who were involuntarily terminated as a result of the September 9, 2013 plant closure, whether on that date or thereafter; and (3) who did not receive 60 days' advance notice of the mass layoff.

C. Class Notice will be provided to each of the Class Members by first class or other bulk mail as determined by the appointed Settlement Administrator to the last known address of each Class Member available from Cardell's bankruptcy proceedings. Such mailing will be made within 14 days following the entry of this Order. Class Counsel shall also post information about the settlement on their respective law firm websites in the form of the press release attached to the Settlement Agreement as Exhibit D. Class Notice in this manner is appropriate and reasonable and is the best notice practicable under the circumstances.

D. The Class Notice, attached as Exhibit E to the Motion, meets all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, due process, and any other applicable law; sufficiently describes, in clear, concise and easily understood language, the nature of the Actions and claims, the certified Settlement Class, and the issues and defenses; states that the Settlement Agreement, if approved, will be binding on all Class Members; summarizes the terms of the Settlement Agreement and the right of and manner for each of the Class Members to receive payment under the Settlement or to opt-out of or object to the Settlement Agreement; informs each of the Class Members of his or her right to appear by counsel at the Fairness Hearing, and that further information is available from Class Counsel upon request; informs the Class Members that the Settlement Agreement provides for the release of their claims pursuant to the Settlement Agreement and for the payment of Class Counsel's attorneys' fees; and constitutes due, adequate, and sufficient notice to all persons

entitled to notice.

E. Other good and sufficient cause exists for granting the relief requested in the Motion.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Motion is GRANTED.

2. The Settlement Agreement is hereby preliminarily approved as fair, reasonable and adequate, and as having provided for notice to each of the Class Members of the release of his or her claims, as provided in the Settlement Agreement, should he or she not opt-out of the Settlement.  The Settlement Class, defined as all persons who were (1) employed at the Cardell Cabinetry Facilities in San Antonio, Texas; (2) who were involuntarily terminated as a result of the September 9, 2013 plant closure, whether on that date or thereafter; and (3) who did not receive 60 days' advance notice of the mass layoff is properly certified for settlement purposes, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

3. The form and content of the Class Notice and the service of such notice by the appointed Settlement Administrator by first class mail to each of the Class Members at the last known address (as found in the record of Cardell's bankruptcy proceedings) for each individual within 21 business days following the entry of this Order is hereby approved.

4. The Court approves the selection of Heffler Claims Group ("Heffler") as the Settlement Administrator and directs Plaintiffs to cause Heffler to perform those the functions described in the Settlement Agreement in accordance with the terms of the Settlement Agreement and this Order.  Pursuant to the Settlement Agreement, costs associated with the administration of the Settlement, including the cost of notifying the Class Members, shall be reimbursed from the Settlement Fund.

5. Any Class Member may make a request for exclusion, as set forth in the Settlement Agreement, by mailing or delivering such request in writing to both (a) Class Counsel and (b) Counsel for Settling Defendants. To be effective, a request for exclusion must be postmarked by not later than the Opt-Out Deadline, and further must be signed by the individual seeking exclusion, and shall further state include the name, address and telephone number of the person requesting exclusion, the dates at which they were employed at Cardell (including a clear statement that they were employed at Cardell during the 60 days prior to its closure), and indicate that such person elects to be excluded from the Settlement, does not wish to be a Settlement Class Member and elects to be excluded from the Release and from any judgment entered by the Court pursuant to the Settlement. Any request for exclusion which fails to precisely comply with these opt-out procedures shall be deemed deficient and of no force or effect. Any Class Member who submits a timely request for exclusion may not file an objection to the Settlement, and shall be deemed to have waived any rights or benefits under this Settlement Agreement. After the deadline for submission of requests for exclusion, Class Counsel and Settling Defendant's Counsel shall jointly prepare a list of all people who have timely excluded themselves from the settlement, and report the names appearing on this Opt-Out List to the Court at or before the time of the Final Approval Hearing. In the event that 35 or more members of the Class opt-out of the Settlement, then the Settlement Agreement may be declared null and void, and of no future effect, for all purposes in the sole and exclusive discretion of the Settling Defendants, provided that the Settling Defendants do so within ten (10) days after the Parties have finalized the Opt-Out List.

6. Class Counsel will file a petition for fees (the "Fee Petition") no later than five (5) days before the last day for objections to be filed by the class. Class counsel shall file a

memorandum of law in support of final approval of the Settlement no later than five (5) days after the filing of the Fee Petition.  The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, Class Counsel's request for attorneys' fees and reimbursement of expenses, or service payment awards for the Class Representatives, only if such comments or objections and any supporting papers are filed with the Court on or before _____, 2014 [**a date no later than 65 days from the entry of this Preliminary Approval Order**], and served on counsel as follows:

**FOR FILING:**

Clerk of the Court
United States District Court
for the Western District of Texas
655 E. Cesar E. Chavez Blvd., Room G65
San Antonio, Texas 78206
Re:  WARN Case No. 5:13-cv-00843-HLH

**CLASS COUNSEL:**

Joseph G. Sauder
Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041

**DEFENSE COUNSEL:**

Mark W. Lerner
KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, NY 10019

7. Pursuant to 28 U.S.C. § 1715(b) and (d), a hearing on the final approval of the settlement proposed in the Settlement Agreement (the "Fairness Hearing") will be held on a date that is not earlier than 100 days after Plaintiffs' motion for preliminary approval is filed with the

Court (*i.e.,* after December 17, 2014). The Fairness Hearing shall be held to (A) determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court, (B) determine whether a Final Approval Order substantially in the form of Exhibit C to the Motion, should be entered, which would, among other things, dismiss the Actions with prejudice as to the Settling Defendants, (C) determine whether the release by the Class Members of certain claims, as set forth in the Settlement Agreement, should be provided to the Releasees, (D) determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court, (E) consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses, (F) consider the application for service payment awards for the Class Representatives, and (G) rule upon such other matters as the Settlement contemplates and as the Court may deem just and proper.

8. The Court shall conduct the Fairness Hearing on _____, 2014 at _____ \_\_.m.

9. The Fairness Hearing may be adjourned by the Court without notice to the Class Members other than by an announcement of the adjournment at the scheduled time of the Fairness Hearing or at the scheduled time of any adjournment of the Fairness Hearing. The Court may consider modifications of the Settlement (with the consent of the Class Representatives and Settling Defendants) without further notice to the Class Members.

10. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Settlement Agreement and dismissing the Actions with prejudice as to Settling Defendants regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or service payment awards to the Class Representatives.

11. At or before the Fairness Hearing, Class Counsel shall file with the Court proof of timely compliance with the foregoing mailing and publication requirements.

12. Defense Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections and notices of intention to appear at the Fairness Hearing that come into their possession.

13. The Court will only consider objections that are timely and valid. To be considered, an objection must be in writing, personally signed by the Class Member making the objection and sent to (a) Class Counsel, (b) Defense Counsel, and (c) the Court. Such objection shall state the caption of the Action, the name, address and telephone number of the person objecting to the Settlement, the dates at which they were employed at Cardell (including a clear statement that they were employed at Cardell during the 60 days prior to its closure), as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered in support of the objection, and all relief sought. Any objector wishing to be heard at the Final Approval Hearing must first file a notice of intent to appear with the Court's Clerk's office, and must provide both of Class Counsel and Defense Counsel with copies of the notice of intent to appear, by no later than the Objection Date, defined in the Settlement Agreement. Additionally, if a Class Member wishes to be heard at the final hearing, the Class Member must also file a notice of intent to appear with the Court's Clerk's, and must provide both of Class Counsel and Defense Counsel with copies of the notice of intent to appear. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms above shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

14. Class Counsel shall submit the papers in support of final approval of the Settlement, the proposed Plan of Allocation, Class Counsel's request for attorneys' fees and reimbursement of expenses, and service payment awards for the Class Representatives by no later than fourteen (14) days before the deadline for filing and serving objections to the Settlement described above. The Parties may submit papers in response to any objections in advance of the Fairness Hearing.

15. Pending final determination of whether the Settlement should be approved, the Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any of the Releasees. Pending the Fairness Hearing, the Court stays all proceedings in the Actions, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

16. In the event that Final Approval does not occur, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing as of the day the Settlement Agreement was fully executed. In such event, Paragraph 14 of the Settlement Agreement shall govern the rights of the Settling Parties.

17. Under no circumstances shall this Order, the Settlement Agreement, any of their terms and provisions, the negotiations or proceedings connected with them, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against Settling Defendants of any fault, wrongdoing, breach or liability. Nor shall this Order, the Settlement Agreement, any of their terms and provisions, the negotiations or proceedings connected with them, or any of the documents or statements referred

to therein, be construed, deemed or used as an admission, concession or declaration by or against the Class Representatives or the other Class Members that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

18. The Court retains jurisdiction over all proceedings arising out of or related to the Settlement.

SO ORDERED this ___ day of _____, 2014.

                                               _____
                                               The Honorable Harry Lee Hudspeth
                                               United States District Judge