IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| FERNANDO RANGEL, ERIC DEAN GIBSON, and ESTHER ZAMORA, Plaintiffs, | § § § § | |
| v. | § § | NO. SA-13-CA-843 NO. SA-13-CA-890 |
| CARDELL CABINETRY, LLC, H.I.G. CAPITAL LLC, and H.I.G. CARDELL ACQUISITION, INC., Defendants. | § § § § § | (CONSOLIDATED) |

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The above-styled and numbered cause is scheduled for trial in this Court on December 1, 2014. Plaintiffs and H.I.G Capital LLC and H.I.G. Cardell Acquisition, Inc. (the Settling Defendants) have engaged in negotiations and have reached a proposed settlement agreement.[1] On September 8, 2014, Plaintiffs filed an unopposed motion for preliminary approval of the class action settlement (Doc. No. 68). The Court finds that the motion should be granted and that a fairness hearing should be scheduled.

---

[1] Defendant Cardell Cabinetry, LLC (Cardell) is the subject of an involuntary bankruptcy, and the Court has stayed the proceedings against it.

1

Because the facts of this case are summarized in the Court's opinion dated January 17, 2014 (Doc. No. 41) it is unnecessary to repeat the complete factual background of this case. On March 31, 2014, the Plaintiffs and the Settling Defendants filed a report on alternative dispute resolution stating that they had begun preliminary settlement negotiations (Doc. No. 63). Plaintiffs and the Settling Defendants participated in a mediation with David Geronemus of JAMS on June 25, 2014 and reached an agreement to settle the case (Doc. No. 66). The parties have finalized their settlement agreement and now seek its preliminary approval.

Plaintiffs' motion requests that the Court grant preliminary approval of the class action settlement, certify the proposed settlement class, approve the proposed class notice, appoint the law firms of Chimicles & Tikellis LLP and Harwood Feffer LLP as lead counsel for the settlement class, and schedule a fairness hearing for final approval of the settlement. Having considered the motion and the record, the Court finds that each of these requests should be granted.

I.   **The Proposed Settlement Agreement**

The proposed settlement agreement provides that the Settling Defendants will establish an $800,000 settlement fund. Attorneys' fees (in an amount of one-third of the settlement

2

fund), service payments of $2,000 to each of the three class representatives, and litigation expenses of up to $40,000 will be deducted from the settlement fund, resulting in the Net Settlement Fund (consisting of approximately $500,000).

The Net Settlement Fund will be distributed to each class member in the same proportion as their individual wages compared to the wages of the entire class during the 60 days prior to Cardell's closure. However, the settlement agreement provides for a different distribution to those class members who were not actively working as of the date of Cardell's closure, including those individuals on disability or similar leave. These class members, identified as "Leave Class Members" will be entitled to a one-time payment of $100 each. Plaintiffs have hired an independent third party claims administrator, Heffler Claims Group, to administer the settlement.

## II. Applicable Law and Analysis

Approval of a class action settlement involves three steps. First, the Court makes a preliminary fairness evaluation of the proposed terms of the settlment. **McNamara v. Bre-X Minerals Ltd.**, 214 F.R.D. 424, 426 (E.D. Tex. 2002). Second, if the proposed settlement is determined to be fair, the Court directs that notice of a formal fairness hearing be given to the class members pursuant to Rule 23(e). **Id.** Third, a formal fairness

3

hearing is held where class members may object to the settlement. **Id.** If, after the fairness hearing, the Court finds that the proposed settlement is fair, reasonable, and adequate, the settlement is given final approval. **In re Elec. Data Sys. Corp. "ERISA" Litg.**, No. 6:03-MD-512, 6:03-CV-126, 2005 WL 1875545, at *3 (E.D. Tex. June 30, 2005).

### A. Preliminary Fairness Evaluation

Plaintiffs' motion addresses the first step of the approval process. The preliminary fairness evaluation is a cursory examination, undertaken to detect whether there are defects in the proposed settlement that would risk making "notice to the class, with its attendant expenses, and a hearing . . . a futile gesture." **Id.** at *4 (quoting Newberg on Class Actions § 11:25 (4th ed. 2002)).

The preliminary fairness evaluation involves two inquiries. **Id.** First, the Court determines whether the proposed settlement class is certifiable pursuant to the requirements of Rule 23(a) and (b), Federal Rules of Civil Procedure. **Id.** Second, the Court determines whether "the proposed settlement . . . reflect[s] a fair, reasonable, and adequate estimation of the value of the case in view of what might happen at trial." **Id.** (quoting **In re Combustion, Inc.**, 968 F. Supp. 1116, 1129 (W.D. La. 1997)).

### 1. The Proposed Settlement Class

Plaintiffs seek certification of the following Settlement Class:

All persons who were
(1) Employed at Cardell Cabinetry's Facilities in San Antonio, Texas;
(2) Who were involuntarily terminated as a result of the September 9, 2013 plant closure, **whether on that date or thereafter**; and
(3) Who did not receive 60 days' advance notice of the mass layoff.

The Court has already certified a class substantially similar to the settlement class proposed here. On January 22, 2014, the Court entered an Order (Doc. No. 44) certifying a class of:

All persons who were
(1) Employed at the Cardell Cabinetry Facilities in San Antonio, Texas;
(2) Who were involuntarily terminated as a result of the September 9, 2013 plant closure, **and within 30 days of such date**; and
(3) Who did not receive 60 days' advance notice of the mass layoff.

Because the proposed settlement class is substantially similar to the class that has already been certified by this Court, a detailed analysis of how the proposed settlement class satisfies the requirements of Rule 23(a) and (b) is unnecessary. However, if removing the 30 day cut off period results in an

enlarged Rule 23(b)(3) class, notice must be given to the newly added members of their right to opt out. ANN. MANUAL FOR COMPLEX LITIG. § 21.62 (4th ed.). The record is unclear as to whether the change to the proposed settlement class results in the addition of new class members. Accordingly, the Court finds that the proposed settlement class is certified pursuant to Rule 23(a) and (b)(3), Federal Rules of Civil Procedure, subject to the requirement that notice be given to any new members of their right to opt out.

### 2. The Proposed Settlement

The second inquiry of the preliminary fairness evaluation requires the Court to determine whether the proposed settlement is fair, reasonable, and adequate. To make this determination, a court looks to the six factors set forth in **Reed v. General Motors Corp.**, 703 F.2d 170, 172 (5th Cir. 1983). The factors include (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. **Id.**

6

The Court finds that the first **Reed** factor is satisfied because the settlement was reached by experienced counsel after extensive arm's length negotiations and with the assistance of a mediator. Plaintiff asserts, and the Court agrees, that the complexity and risks of litigating this case are enhanced by the Settling Defendants' position that they are not a covered employer under the WARN Act and the fact that Cardell is in bankruptcy proceedings. Accordingly, the second **Reed** factor weighs in favor of granting preliminary approval. Although the parties have not directly addressed the third **Reed** factor, the Court finds that as discovery has been ongoing and trial is set for December 1, 2014, settlement at this stage of the proceedings is appropriate.

Regarding the remaining **Reed** factors, Plaintiffs contend that the Settling Defendants have several affirmative defenses available, and that two of the affirmative defenses, the "faltering company" exception and the "unforeseeable business circumstances" exception under the WARN Act, are potentially fatal to the Plaintiffs' case. Plaintiffs assert that when evaluated in light of the substantial risks of litigation, the settlement provides meaningful benefits to the class members. Additionally, class counsel support the settlement as fair,

reasonable, and adequate. Accordingly, the Court finds that the fourth, fifth, and sixth **Reed** factors are satisfied.

### IV. Approval of Class Notice

Rule 23 requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." FED. R. CIV. P. 23(e)(1). The notice must be "the best . . . that is practicable under the circumstances" and must clearly and concisely state the nature of the action, the class definition, the class claims, issues, or defenses, the binding nature of a class settlement, the right of class members to enter an appearance, the right of class members to request exclusion, and the time and manner in which to request exclusion. FED. R. CIV. P. 23(c)(2)(B). The proposed Class Notice contains all of the information required by Rule 23(c)(2)(B) and is written in a clear and concise manner. The Court finds that the Class Notice should be approved.

### V. Appointment of Lead Counsel for Settlement Class

Plaintiffs request that the Court appoint Chimicles & Tikellis LLP and Harwood Feffer LLP as lead counsel for the settlement class. The Court has already appointed these same firms as co-lead counsel for the certified class (Doc. No. 44). The Court finds that the same reasons that supported their

8

appointment as co-lead counsel apply here, and that these firms should be appointed lead counsel for the Settlement Class.

### VI. Request for Fairness Hearing

The Court finds that a fairness hearing should be scheduled to decide whether to grant final approval of the settlement, address class counsel's request for attorneys' fees, expenses, and service awards for the named plaintiffs, and determine whether to dismiss this action with prejudice.

It is therefore ORDERED that Plaintiffs' motion for preliminary approval of class action settlement be, and it is hereby, GRANTED.

It is further ORDERED that the following Settlement Class be, and it is hereby, CERTIFIED:

> All persons who were
> (1) Employed at Cardell Cabinetry's Facilities in San Antonio, Texas;
> (2) Who were involuntarily terminated as a result of the September 9, 2013 plant closure, whether on that date or thereafter; and
> (3) Who did not receive 60 days' advance notice of the mass layoff.

It is further ORDERED that Plaintiffs' motion for approval of the proposed class notice be, and it is hereby, GRANTED.

It is further ORDERED that the Plaintiffs' motion for appointment of lead counsel for the Settlement Class be, and it is hereby, GRANTED.

**Notice of Hearing**

It is further ORDERED that a fairness hearing will be held on Wednesday, December 17, 2014, at 12:00 noon in Courtroom No. 4, Third Floor, U.S. Courthouse, 655 East Cesar Chavez Boulevard, San Antonio, Texas.

SIGNED AND ENTERED this 18th day of September, 2014.

_____
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE