**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

_____

| | |
|---|---|
| FERNANDO RANGEL, ERIC DEAN GIBSON, and ESTHER ZAMORA, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) No. 5:13-cv-00843-HLH |
| v. | ) ) |
| CARDELL CABINETRY, LLC, H.I.G. CAPITAL, LLC, and H.I.G. CARDELL ACQUISITION, INC., | ) ) ) ) |
| Defendants. | ) ) |

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES, COSTS**
**AND EXPENSES, AND INCENTIVE AWARDS**

Joseph G. Sauder
Matthew D. Schelkopf
Benjamin F. Johns
**CHIMICLES & TIKELLIS LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041

Robert I. Harwood
Peter W. Overs, Jr.
**HARWOOD FEFFER LLP**
488 Madison Ave., 8th Floor
New York, New York 10022

*Co-Lead Counsel for the Class*

Plaintiffs Fernando Rangel, Eric Dean Gibson and Esther Zamora ("Plaintiffs") respectfully request that the Court grant their motion to award attorneys' fees, costs and expenses, and incentive awards. Defendants H.I.G. Capital LLC and Cardell Acquisition, Inc., f/k/a H.I.G. Cardell Acquisition, Inc. (the "Settling Defendants")[1] do not oppose this requested relief. For the reasons set forth below, Plaintiffs request that this motion be granted.

## I. INTRODUCTION

On September 18, 2014, the Court entered an Order Granting Plaintiffs' motion for Preliminary Approval of Class Action Settlement (Doc. 69)("Preliminary Approval Order"). The Settlement[2] created a proposed Settlement Fund of $800,000 which compensates former employees of Cardell Cabinetry, LLC ("Cardell" or the "Company") for alleged failures by Cardell and Settling Defendants to comply with the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq*. (the "WARN Act") in connection with the closure of the Company's manufacturing facilities in San Antonio, Texas. This Settlement Fund creates meaningful benefits for the proposed Class given the posture of the action and the substantial risk associated with continued prosecution of the action.

Consistent with the terms of the SA, the Settling Defendants do not oppose the instant requests for attorneys' fees, expenses and incentive awards by Plaintiffs. *See* SA at §§ 6, 7(e). Plaintiffs' ability to request these amounts of attorneys' fees, expenses and incentive awards was contained in the Long-Form Notice that was mailed to all Class Members, in the Publication Notice, and on the Settlement Website.

---

[1] As was explained in Plaintiffs' motion for preliminary approval of the settlement, Cardell filed for bankruptcy protection after commencement of these actions and Plaintiffs have been informed that the Company has no assets to satisfy any judgment or part thereof in this action. (Doc. 68-1 at 2 n.1) As a result, Cardell is not part of the proposed Settlement.

[2] All Capitalized terms shall have the meaning given them in the SA filed with the Court as Doc. 68-2, unless otherwise defined herein.

Accordingly, Plaintiffs request that their counsel be properly compensated for their efforts in achieving this result for the Class. This request is unopposed by the Settling Defendants.

## II. ARGUMENT

**The Requested Award of Attorneys' Fees, Costs, and Expenses, and Incentive Awards is Reasonable**

Plaintiffs seek the award of attorneys' fees in the amount of approximately $267,000; litigation expenses in the amount of $40,000; and incentive awards to Plaintiffs in the amount of $2,000 each are appropriate. As illustrated in the declarations of Joseph G. Sauder, Robert I. Harwood, Cory S. Fein and William T. Reid, IV, attached hereto as Exhibits 1-4, respectively, the total attorney's fees incurred by plaintiffs' counsel in this matter are in excess of $670,000, and the total costs and expenses incurred are in excess of $40,000. Settling Defendants have agreed to these amounts in entering into the Settlement Agreement. SA § 6.

### A. The Requested Award of Attorneys' Fees, Costs, and Expenses is Reasonable.

Courts in the Fifth Circuit typically employ the "loadstar" method in assessing an award of attorneys' fees, which is a calculation of the reasonable number of hours expended on litigation multiplied by a reasonable hourly rate. *See Cooper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575, 583 n.15 (5th Cir. 1980). The lodestar may then be adjusted upward or downward based on an analysis of the *Johnson* factors:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;

(9)     the experience, reputation, and ability of the attorneys;
(10)    the "undesirability" of the case;
(11)    the nature and length of the professional relationship with the client; and
(12)    awards in similar cases.

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Four law firms acted as plaintiffs' counsel in this matter. These firms reported in excess of 1,300 hours and over $40,000 in costs and expenses as of the end of October, 2014. Additional time will be spent in preparation for the Final Fairness Hearing and in connection with the settlement. An award of attorneys' fees in this matter in the amount of approximately $267,000 results in a negative multiplier of less than 0.40. In other words, if the requested fee is approved, Plaintiffs' counsel will receive less than 40% of their billable time on this case. As explained below, and in light of this negative multiplier, the *Johnson* factors readily support the requested award of attorneys' fees, costs, and expenses.

> ### 1.     The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly.

Class Counsel and other counsel have reported in excess of 1,300 hours working on this litigation and over $40,000 in costs and expenses. Additional attorney time, costs, and expenses will be expended and incurred in effectuating the settlement. Class Counsel have devoted significant resources to the investigation, prosecution, and settlement of this action on behalf of the Class, which is estimated to include approximately 1,000 members.

The issues presented by this litigation are novel and difficult, and substantial skill was required to achieve a successful resolution. It was far from certain that Plaintiffs could prevail on their claims. Settling Defendants would have presented evidence showing that they either (1) were not involved in the decision to terminate the employment of the Class (because Cardell's Receiver made such decision independently, *see, e.g., In re United Healthcare Sys., Inc.*, 200 F.3d

170 (3rd Cir. 1999)) or (2) did not share facilities, operations, employees, infrastructure or any have any other relationship or control over Cardell that would support a finding that they and Cardell were a "single employer" for purposes of WARN.  Establishing "single employer" liability against a private equity firm like the Settling Defendants is not a hopeful prospect.  *See, e.g., In re DHP Holdings II Corp.*, 447 B.R. 418 (Bankr. D. Del. 2010) (rejecting substantially similar claim against H.I.G. Capital LLC); *In re Jevic Holding Corp.*, 492 B.R. 416, 426-27 (Bankr. D. Del. 2013), *aff'd*, Civ. No. 13-1127-SLR (D. Del. Sept. 29, 2014); *In re Consol. Bedding, Inc.*, 432 B.R. 115, 122 (Bankr. D. Del. 2010).  As explained in Plaintiffs' unopposed motion for preliminary approval, even assuming Plaintiffs could surmount these hurdles, there remained thorny factual and legal issues surrounding the Settling Defendants' affirmative defense under the WARN Act: (1) the "faltering company" exception; and (2) the "unforeseeable business circumstances" exception.  Both of these defenses provide immunity to defendants who made good faith efforts to keep a company operational--which the Settling Defendants asserted -- prior to the closing of its facilities.

Accordingly, as illustrated herein and by the Settlement Agreement and $800,000 Settlement Fund, Class Counsel met and performed the duties and responsibilities delegated to it by the Court in exemplary fashion.

### 2.    Likelihood of preclusion of other employment.

The efforts of Class Counsel in the prosecution of this class action necessarily involved an opportunity cost to them with respect to time they would have otherwise had available to prosecute other actions.  Complex cases such as this preclude shifting work to other attorneys in a firm not familiar with the matter, resulting in substantially less time for Class Counsel to work on other matters.

### 3. The customary fee for similar work in the community.

The customary contingency fees for representation of clients on a contingent basis within Texas in actions much less complex than this class action ranges from 33 ½% to 40% of the gross award plus costs for cases requiring the institution and prosecution of litigation. *See* State Bar of Texas, 1995 *Attorney Billing & Compensation Study; In the Matter of Continental Illinois Securities v. Steinhauf*, 962 F.2d 566 (7th Cir. 1992). Class Counsel's hourly rates of $ 700 for Mr. Sauder, $500 for Mr. Johns, $700 for Mr. Harwood, $550 for Mr. Overs, $600 for Mr. King and $650 for Mr. Fein are reasonable in light of the hourly rates customary in the San Antonio area.[3] *See Meyers v. State of Tex.*, No. A-00-CA-430-SS, 2010 U.S. Dist. LEXIS 47809, at *46 (W.D. Tex. Feb. 16, 2010) (finding hourly rates of $450.00 for partners and senior counsel reasonable in Austin, Texas,); *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 325 (W.D. Tex. 2007) (finding hourly rates of between $500-$550 reasonable in San Antonio for lead class counsel, and up to $475.00 per hour for other counsel); *In re Lease Oil Antitrust Litig.*, 186 F.R.D. 403, 448 (S.D. Tex. 1999) (approving up to $544.00 per hour). Approximately $307,000 in attorneys' fees, costs, and expenses is less than the customary contingency fee typically awarded, particularly given the fact that counsel's combined lodestar, costs, and expenses are in excess of the amount being requested by Plaintiffs.

### 4. The amount involved and the results obtained.

Class Counsel negotiated a monetary settlement that represents an excellent result for the Settlement Class: approximately $500,000 in relief to Class Members for lost wages and benefits, in addition to the costs of notice, claims administration, dispute resolution, and attorneys' fees,

---

[3]     Even if the Court were to reduce all of the hourly rates noted above and those of others listed in the exhibits to Exhibits 1-4 to $550 per hour, an award of only $266,667.00 would still result in a negative multiplier.

costs, and expenses. Again, given the real possibility that the Class may have received nothing after trial of the many issues that remained to be litigated, the Class will enjoy meaningful relief from this Settlement.

**5. Time limitations imposed by the client or the circumstances.**

This case has required significant attention by Class Counsel. Frequently, issues requiring immediate attention arose, and such matters were attended to expeditiously and properly. As a result, this factor weighs in favor of granting Plaintiffs' motion.

**6. The nature and length of the professional relationship with the client.**

Plaintiffs and Class Members were kept abreast of the developments of this litigation throughout its pendency and by way of the notice program, all as applicable and appropriate. This factor also weighs in favor of granting Plaintiffs' motion.

**7. The experience, reputation, and ability of the attorneys.**

Class counsel are experienced class action litigation counsel, as evidenced by their efforts in this action. In connection with Plaintiffs' motion to appoint Class Counsel to lead the prosecution of this action and also in connection with appointing them Class Counsel with respect to the Class preliminarily certified for settlement purposes, Class Counsel filed into the record their respective qualifications, including references to other class actions in which each has engaged as lead or primary counsel. *See* Doc. 34, Exhs. A & B. Class Counsel and other counsel for plaintiffs involved in this litigation successfully prosecute class and other actions throughout the country. This experience was invaluable in obtaining such a favorable settlement for the Class.

**8.      Whether the fee is fixed or contingent.**

Class Counsel accepted the responsibility to protect the interests of Plaintiffs and the Class on a contingent fee basis.  Contingent fees are commonplace in plaintiff practice.  *See, e.g., Johnson v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) ("Lawyers who are to compensated only in the event of victory expect and are entitled to be paid more when successful than those who are assured of compensation regardless of result.").  Here, the requested fees are being paid from the Settlement Fund at a rate that results in a negative multiplier of 0.40.  Accordingly, this factor weighs heavily in favor of approving the fees, costs and expenses.

**9.      The undesirability of the case.**

As explained above, Class Counsel took on the outsized burden of prosecuting the type of action that generally faces very long odds.  It required considerable skill and effort to resolve this matter with financial benefits flowing to the Class.  The action required significant financial resources and time of Class Counsel.  Thus, the risks assumed by Class Counsel in handling this and expenses case on a contingent fee basis were significant.  Accordingly, Class Counsel should be awarded the requested fees to compensate them for this risk.

**10.      Comparable awards in similar cases.**

Class Counsel respectfully submits that an award of attorneys' fees and expenses of $40,000 is reasonable under the lodestar approach (and is less than the amounts incurred by counsel), is supported by the *Johnson* factors, and is justified by the record and the time expended by counsel in this matter in achieving the settlement.  *See, e.g., Sleezer v. Chase Bank USA, N.A.*, Civ. No. 07-0961-HLH, Doc. 73 (approving $500,000 in agreed upon attorneys' fess and expenses based on an hourly rate of up to $480 and lodestar of 1.25 in a complex class action).

**B.     The Requested Award of Incentive Awards is Reasonable.**

Plaintiffs respectfully request incentive awards to them of $2,000 each for their services on behalf of the Class.  Subject to Court approval, these awards will be paid from the Settlement Fund.  Much larger incentive awards have been approved by courts in this Circuit, and the requested awards are therefore appropriate.  *See, e.g., Sleezer v. Chase Bank USA, N.A.*, Civ. No. 07-0961-HLH, Doc. 73 (approving $25,000 incentive award); *De Hoyos v. Allstate Corp.*, 240 F.R.D. 269, 339-40 (W.D. Tex. 2007) (approving award of $5,000 to named plaintiffs in Rule 23(b)(2) class action suit).  Accordingly, Plaintiffs' motion should be granted in this regard.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter the proposed order submitted herewith that approves attorneys' fees of $266,667.00, costs and expenses of $40,000, and incentive awards to each Plaintiff in the amount of $2,000.  Settling Defendants do not oppose this request.


Dated:  November 11, 2014                        Respectfully submitted,

                                                                 */s/ Cory S. Fein*
                                                                 Michael A. Caddell
                                                                 Cory S. Fein
                                                                 **CADDELL & CHAPMAN**
                                                                 1331 Lamar, Suite 1070
                                                                 Houston, Texas  77010-3027
                                                                 Tel: (713) 751-0400
                                                                 Fax: (713) 751-0906
                                                                 MAC@caddellchapman.com
                                                                 CSF@caddellchapman.com

Joseph G. Sauder
Matthew D. Schelkopf
Benjamin F. Johns
**CHIMICLES & TIKELLIS LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
E-mail: JosephSauder@chimicles.com
MatthewSchelkopf@chimicles.com
BFJ@chimicles.com

Robert I. Harwood
Peter W. Overs, Jr.
**HARWOOD FEFFER LLP**
488 Madison Ave., 8th Floor
New York, New York 10022
Tel.: (212) 935-7400
Fax: (212) 753-3630

***Counsel for Plaintiffs and the Class***