IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| FERNANDO RANGEL, ERIC DEAN GIBSON, and ESTHER ZAMORA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CARDELL CABINETRY, LLC, H.I.G. CAPITAL, LLC, and CARDELL ACQUISITION, INC., f/k/a H.I.G. CARDELL ACQUISITION, INC., <br><br> Defendants. | No. 5:13-cv-00843-HLH |

## FINAL APPROVAL ORDER AND JUDGMENT

This Final Approval Order and Judgment relates to the above-captioned action (the "Action") brought by Fernando Rangel, Eric Dean Gibson and Esther Zamora (collectively "Plaintiffs"), on behalf of themselves and on behalf of all similarly situated individuals (the "Settlement Class," as described in further detail in the Settlement Agreement), against Cardell Cabinetry, LLC, H.I.G. Capital, LLC and Cardell Acquisition, Inc., f/k/a H.I.G. Cardell Acquisition, Inc. (the "Settling Defendants") (together with Plaintiffs, the "Settling Parties"), asserting causes of action pursuant to the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101 *et seq.*, seeking damages for up to 60-days' pay, including unpaid accrued vacation time and other benefits on behalf of the members of the Settlement

Class.[1]  The Action was certified as a class action and Class Counsel was appointed by Order dated January 22, 2014.

Plaintiffs and the Settling Defendants reached an agreement in principle to settle the Action on June 25, 2014, after a full day of mediation.  Plaintiffs, on behalf of all Class Members, and the Settling Defendants have entered into the Settlement Agreement, dated September 8, 2014.

The Settlement Agreement was filed with the Court on September 8, 2014.  On September 18, 2014, the Court entered its Preliminary Approval Order in which the Court for settlement purposes certified the Settlement Class; found that Plaintiffs are adequate representatives of the Settlement Class; preliminarily approved the Settlement as appearing to be fair, reasonable and adequate; directed notice of the Settlement to the Class Members; and scheduled a Fairness Hearing.  The Fairness Hearing was held on December 17, 2014.

The Court has considered all matters submitted to it at the Fairness Hearing and has received confirmation from Class Counsel that the Class Notice was distributed as required by the Preliminary Approval Order.  Now, therefore, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of the Action, all Class Members, and the Settling Defendants pursuant to 29 U.S.C. § 2101 *et seq*.

2. The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Action and of the strengths and weaknesses of their clients' respective positions.  The Settlement was reached after the Settling Parties had

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement and Release between the Class Members and the Settling Defendants, dated September 8, 2014.

engaged in extensive negotiations and exchanged relevant information on an informal basis. Class Counsel and Defense Counsel were therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

3.    The Settlement was intended by the Settling Parties to be a contemporaneous exchange of value, and in fact constitutes such a contemporaneous exchange.

4.    Class Notice, the proposed Plan of Allocation, and Class Counsel's applications for attorneys' fees, expenses and case contribution awards were provided to all Class Members who could be identified with reasonable effort in accordance with the Preliminary Approval Order. Such notice constituted appropriate, reasonable and adequate notice to all Class Members, met all applicable requirements of the Federal Rules of Civil Procedure, due process, and any other applicable law, and was the best notice practicable under the circumstances.

5.    Defense Counsel has filed proof of mailing of the CAFA Notices to appropriate state and federal officials as required under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The CAFA Notices were timely served and met all requirements of CAFA. The Settling Defendants have therefore satisfied their obligations under CAFA.

6.    The Settlement, including without limitation the Release of Claims set forth in Paragraph 8 of the Settlement, warrants final approval pursuant to Fed. R. Civ. P. 23(e)(2) because it is fair, reasonable and adequate to the Settlement Class and others whom it affects based upon (1) the Plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in the Settlement; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the judgment of experienced counsel who have competently evaluated the

strength of their proofs; (5) the nature of the negotiations that produced the Settlement; (6) the reaction of the Settlement Class; and (7) the public interest.

7.  The Settlement is therefore APPROVED as fair, reasonable and adequate. The Settling Parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement and its Exhibits, which are hereby incorporated into this Order by reference.

8.  The Court having certified the Settlement Class as an opt-out class under Fed. R. Civ. P. 23(a) and (b)(3), all Class Members are hereby bound by the Settlement, except for those who timely excluded themselves in accordance with the Settlement Agreement. Those people are listed on Exhibit A hereto.

9.  The proposed Plan of Allocation is hereby APPROVED as fair, reasonable and adequate, and is hereby incorporated into this Order by reference. The Settlement Administrator is hereby directed to disburse the Settlement Fund in accordance with the Settlement Agreement. Except as otherwise provided in the Settlement Agreement, any modification or change to the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Final Approval Order and Judgment and shall be considered separate from this Final Approval Order and Judgment.

10. The Court hereby awards service payments in the amount of $2,000 to each of the three Class Representatives. Such awards shall be paid out of the Settlement Fund in accordance with the Settlement Agreement.

11. The Court hereby awards Class Counsel one-third of the Settlement Fund in fees and $40,000 in reimbursement of expenses, which amounts the Court finds to be fair and

reasonable. Such awards shall be paid out of the Settlement Fund in accordance with the Settlement Agreement.

12. As required by Fed. R. Civ. P. 23(h)(3), the Court has considered and finds as follows in making this award of attorneys' fees and expenses:

(a) The Settlement created a cash Settlement Fund in the amount provided in the Settlement Agreement for distribution to Class Members who will benefit therefrom pursuant to the Plan of Allocation;

(b) the Class Notices were sent to putative Class Members notifying them that Class Counsel would be applying to the Court for up to one-third of the settlement amount in attorneys' fees in addition to expense reimbursement;

(c) Class Counsel conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The Action involved complex factual and legal issues, were actively prosecuted and, in the absence of a settlement, would have involved further lengthy proceedings and an uncertain resolution;

(e) Absent the Settlement, there would remain a significant risk that Plaintiffs and all other Class Members they sought to represent would recover less or nothing from the Settling Defendants;

(f) The amount of attorneys' fees and expenses awarded by the Court is fair, reasonable and consistent with such awards in similar cases.

13. Without further order of the Court, the Settling Parties may agree in writing to reasonable extensions of time to carry out any of the requirements of the Settlement Agreement.

14. This Action is hereby DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

15. Under no circumstances shall this Final Approval Order and Judgment, the Settlement Agreement, any of their terms and provisions, the negotiations or proceedings connected with them, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against the Settling Defendants of any fault, wrongdoing, breach or liability. Nor shall this Order, the Settlement Agreement, any of their terms and provisions, the negotiations or proceedings connected with them, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against the Class Representatives or the other Class Members that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

16. The Court retains jurisdiction over all matters arising out of or related to the Settlement.

SO ORDERED this 22nd day of December, 2014.

_____
The Honorable Harry Lee Hudspeth
United States District Judge